UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ANTHONY DANIELS,

          Plaintiff,

-against-

WESTFALL TAYLOR; ASHLEY REARDON;
POF MARISOL BONILLA; PO SEAN HUGHES,

          Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-3017 (KAM)

MATSUMOTO, United States District Judge.

Plaintiff Anthony Daniels, currently being held at Rikers Island, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. Plaintiff's application for appointment of pro bono counsel is denied without prejudice. For the reasons discussed below, plaintiff's claims against defendants Westfall Taylor and Ashley Reardon[2] are dismissed. Plaintiff's claims against police officers Marisol Bonilla and Sean Hughes shall proceed.

**STANDARD OF REVIEW**

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir.

---

[1] This action was transferred to this court from the United States District Court for the Southern District of New York by Order dated May 13, 2014.

[2] This defendant's name appears to be mistakenly spelled on the docket sheet as "Ashley Reardom."

1

2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## DISCUSSION

Plaintiff brings this action in connection with his April 2012 arrest in Brooklyn, New York. Compl. at 3. Plaintiff alleges that he was falsely identified by robbery victims Westfall Taylor and Ashley Reardon and subsequently falsely arrested on robbery charges. Id. at 3-4. Plaintiff further alleges that the pre-trial proceedings in his case have been flawed and have violated his constitutional rights. Id. at 4-6.

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist., 423 F.3d 153, 159 (2d Cir. 2005) (citing Okla. City v. Tuttle, 471 U.S. 808, 816 (1985)).

2

Here, plaintiff brings claims against defendants Westfall Taylor and Ashley Reardon, who are private citizens and not state actors. Thus, plaintiff's claims against these individuals must be dismissed. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks omitted)); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself'" (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)); Lopez v. Zouvelos, No. 13 CV 6474, 2014 WL 843219, at *4 (E.D.N.Y. Mar. 4, 2014) (same).[3]

## CONCLUSION

Accordingly, all claims against defendants Westfall Taylor and Ashley Reardon are dismissed. 28 U.S.C. §§ 1915(e)(2)(B). No summons shall issue as to these defendants and the Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants. Plaintiff's request for appointment of counsel is denied without prejudice because the court is unable to determine at this time that plaintiff's claim is "likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986) ("In deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the

---

[3] To the extent that plaintiff is seeking his release from confinement pursuant to § 1983, the Supreme Court has ruled that the appropriate procedure for that relief is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not through a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1975); Brown v. Freeport Police Dept., Nos. 13 CV 4047, 13 CV 6514, 2014 WL 279847, at *5 (E.D.N.Y. Jan. 23, 2014).

indigent's ability to investigate the crucial facts, . . . [and] the complexity of the legal issues, [among other factors].").

Plaintiff's claims shall proceed against police officers Marisol Bonilla and Sean Hughes. The United States Marshal Service is directed to serve the summonses, complaint, and this order upon the remaining defendants without prepayment of fees. A courtesy copy of the same papers shall be mailed to the Corporation Counsel for the City of New York.

The Clerk of Court shall send a copy of this Order to plaintiff and note service on the docket. The case is referred to Magistrate Judge Lois Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Kiyo A. Matsumoto
_____
KIYO A. MATSUMOTO
United States District Court

Dated: Brooklyn, New York
June 12, 2014